IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTHONY CARLTON DUNLAP, SR.,

                    Petitioner,                                  OPINION and ORDER

        v.

WARDEN EMMERICH,                                                 25-cv-347-jdp

                    Respondent.

---

ANTHONY CARLTON DUNLAP, SR.,

                    Plaintiff,

        v.

B.O.P., DIRECTOR B.O.P., INSPECTOR GENERAL,
WARDEN EMMERICH, THORNBERRY,
ASS. WARDEN ROSENBERG,
AS. WARDEN PALMER, UNIT MANAGER BROSH,
UNIT MGR. SPONSLER, UNIT MGR. WINGER,
HEALTH SERVICES ADM. MALCOM,
ASSIST. HSA LT. KEY, DR. LINDA LINDNER,
DR. SHING, NURSE PRACTITIONER BELL,
IVEST. LT. DENTON, CAPT. MOORE,
LT. STANLEY, LT. JORDAN,                                         OPINION and ORDER
PSYCH DR. PHILLIPON, NURSE FRITCHE,
NURSE NETZER, NURSE KLUMP, NURSE BORRE,                          25-cv-371-jdp
NURSE LINDE, NURSE DEAN, NURSE BOUTIN,
H.I.T. TAUB, CHAPLAIN WILLIS,
TRUST FUND SUPV. DIERKUS,
TRUST FUND SUPV. PATTEN, OFCR. BULA.
EXEC. ASST. FARWELL,
REGIONAL DIRECTOR MATAVOUSIAN,
REGIONAL COUNSEL (UNNAMED),
OFCR. CARTER, OFCR. CORDOVA, OFCR. L. AMES,
OFCR. DERGE, OFCR. VIRCH, OFCR. BORUD,
OFCR. BRETZEL, OFCR. WARNKE,
UNNAMED S.I.S. STAFF,
HEALTH SERVICES STAFF, MAILROOM STAFF,
CORRECTIONAL STAFF,
UNIT MANAGER FLICKNER,
SAFETY OFFICER ORZRICH, OFFICER PARSONS,

LT. RANDALL, DR. B. WILLIAMS,
OFFICER PHILLIPS, COUNSELOR LIND,
NURSE LEVINE, and
MAILROOM & R&D SUPERVISOR MARSHALL,

Defendants.

---

Anthony Carlton Dunlap, Sr., proceeding without counsel, is incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. He has filed these two lawsuits about the conditions of his confinement. His pleading in Case No. 25-cv-347-jdp is styled as a petition for writ of habeas corpus under 28 U.S.C. § 2241. His pleading in Case No. 25-cv-371-jdp is styled as a civil-rights complaint. Both of these cases were closed after Dunlap failed to pay the filing fee or move to proceed without full prepayment of the filing fee, but the court reopened them after Dunlap paid the fee in the '347 case and made an initial partial payment of his filing fee in the '371 case.

I must screen both of these pleadings to determine whether Dunlap has properly pleaded a potential claim for relief. *See* Rule 4 of the Rules Governing Section 2254 Cases (which also applies to § 2241 cases); 28 U.S.C. § 1915(e)(2)(B). I will dismiss Dunlap's habeas petition. Dunlap's civil-rights complaint fails to comply with the Federal Rules of Civil Procedure, but I will give him a chance to submit an amended complaint fixing those problems.

ANALYSIS

A. Case No. 25-cv-347-jdp

In his habeas petition, Dunlap discusses various problems with his conditions of confinement, mainly inadequate medical care. But a prisoner cannot seek relief related to conditions of confinement under 28 U.S.C. § 2241, which is limited to challenges to the

validity or duration of a prisoner's confinement. *See Robinson v. Sherrod*, 631 F.3d 839, 841 (7th

Cir. Cir. 2011). So I will dismiss Dunlap's habeas petition.

## B.  Case No. 25-cv-371-jdp

Dunlap alleges that FCI Oxford staff have violated his rights in a variety of ways, mostly

by providing him with inadequate medical care. He also alleges that he has been repeatedly

strip searched for unnecessary reasons, that his cell and other areas have "gaping holes" that

allow rain inside, Dkt. 1, at 1, and that he was injured by sitting in a broken chair that officials

refused to replace. He names dozens of individual staffers as defendants along with defendants

"Health Services Staff," "Mailroom Staff," and "Correctional Staff."

There are two fundamental problems with Dunlap's complaint. First, it appears that he

is trying to bring several sets of claims about different types of staff misconduct, but there is

no indication that the same officials are responsible for the different types of claims. These

allegations almost certainly violate Federal Rules of Civil Procedure 18 and 20 by joining claims

together that do not belong in the same lawsuit. Under Rule 18, a plaintiff may bring unrelated

claims against a particular defendant. But a plaintiff cannot bring unrelated claims against more

than one defendant. Under Rule 20, defendants may be joined in one lawsuit only if the claims

against them arise out of the same transactions or occurrences and present questions of law or

fact that are common to them all. *George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007).

Second Dunlap's allegations are too vague to state claims against most of the defendants

he names. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and

plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d),

"each allegation must be simple, concise, and direct." The primary purpose of these rules is fair

notice. Because claims like these brought under 42 U.S.C. § 1983 must be based on a

defendant's personal involvement in constitutional violation, *see Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995), each individual defendant that Dunlap wishes to sue in this case must be able to understand what they are alleged to have done to violate his rights. Dunlap explains the various positions that many of the defendants hold but he doesn't explain precisely what they did that harmed him or how they were involved in the events discussed in his lawsuit. Dunlap seems to be asserting that there is a wide-ranging conspiracy against him, but the court reviews conspiracy allegations carefully. *See Cooney v. Rossiter*, 583 F.3d 967, 970–71 (7th Cir. 2009). Even at the pleading stage, it is "essential to show that a particular defendant joined the conspiracy and knew of its scope." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). Dunlap's allegations do not meet this standard.

I will give Dunlap a short time to amend his allegations to state claims against individual defendants and to limit his amended complaint to one set of claims that belong together under Rules 18 and 20. If Dunlap's amended allegations make clear that he wants to bring claims about more than one set of incidents, he should choose which set of incidents he wishes to bring in this lawsuit. Other sets of allegations belong in separate lawsuits.

In drafting his amended complaint, Dunlap should remember to do the following:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally cause or participate in a violation of his rights.

- Identify all of the individuals who he wishes to sue in the caption of the complaint.

- Describe simply and concisely what actions he believes that each defendant took that violated his rights, using separate, numbered paragraphs. He must take care to allege what each defendant did, or failed to do, to violate his federal rights.

If Dunlap does not file an amended complaint by the deadline set below, I will dismiss this case for his failure to state a claim and the court will record a "strike" against him under 28 U.S.C. § 1915(g).

## C.  Remaining motions

Dunlap has filed a series of motions in these cases, including two motions for preliminary injunctive relief in the '371 case. But Dunlap hasn't yet stated a claim for relief that this court can consider, so I cannot grant him preliminary injunctive relief. All of Dunlap's pending motions will be denied. Dunlap may again move for preliminary injunctive relief should he fix his pleading problems with an amended complaint.

ORDER

IT IS ORDERED that:

1. Case No. 25-cv-347-jdp is DISMISSED. The clerk of court is directed to enter judgment and close the case.

2. Plaintiff's complaint in Case No. 25-cv-371-jdp, Dkt. 1 in that case, is DISMISSED. Plaintiff may have until November 17, 2025, to submit an amended complaint as discussed in this opinion.

3. All pending motions in these two cases are DENIED.

Entered October 27, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

5